## RANDOLPH v. UNITED STATES.
### No. 9545.

United States Court of Appeals
District of Columbia.

Argued Nov. 25, 1947.

Decided Dec. 8, 1947.

Mr. M. Edward Buckley, Jr., of Washington, D. C., for appellant.

Mr. C. Frank Reifsnyder, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, Arthur J. Mc-Laughlin, Assistant United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee. Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

### PER CURIAM.

■ Appellant has been convicted under an indictment which charged that he sold a certain narcotic drug "not in the original stamped package and not from the original stamped package." Appellant contends that this does not sufficiently charge the statutory offense of selling a narcotic drug "except in the original stamped package or from the original stamped package." 26 U.S.C.A. Int.Rev.Code, § 2553(a). But the indictment plainly excludes both of the statutory exceptions. The particular language in which it does so is immaterial.

■ Appellant contends that evidence which was seized during a search should have been excluded, because of an asserted conflict between the affidavit on which the search warrant was based and the affiant's subsequent testimony at the trial. We need not consider the effect of such a conflict, for none exists. The affidavit states, as though on personal knowledge, that appellant "did unlawfully sell" narcotic drugs "on or *about* the 8th day of August 1946"; and the only testimony at appellant's trial that tended in any degree to show that the affidavit was not in fact made on personal knowledge was affiant's testimony that he did not "*see*" appellant "*on* the 8th of August, 1946." [Italics supplied.]

Since the affidavit was not based on mere information and belief the Schencks case, 55 App.D.C. 84, 2 F.2d 185, has no bearing on this case.

Affirmed.